IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREA K. FERGUSON,

        Plaintiff,

v.                                              CIV 02-823 KBM

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES FOLLOWING REMAND

THIS MATTER is before the Court on Plaintiff's Motion for an Order Authorizing Attorney Fees pursuant to 42 U.S.C. § 406(b) *(Doc. 24)*. The Commissioner contends that the $7,000 requested represents an unreasonable windfall in light of the actual time spent on the case by Plaintiff's counsel, the Martone Law Firm. I disagree.

Plaintiff, proceeding *pro se*, was denied social security disability defendants by the ALJ and the Appeals Counsel upheld that decision. She then hired the Martone Law Firm to file this action in federal court seeking review of that decision. Following the filing of Plaintiff's initial motion and memorandum in support of reversal or remand, the Commissioner agreed that remand was appropriate. *See Docs. 13 & 18.* I then awarded Plaintiff's counsel $2,126.00 in fees under the EAJA. *See Docs. 19, 23.*

After remand, the Commissioner issued a final administrative decision favorable to Plaintiff and awarded total back benefits of $55,590.00 and approved the fee agreement between Plaintiff and counsel. The contingency agreement calls for attorney fees of 25% of the past-due

benefits, or $13,897.50.  The ALJ awarded administrative attorney fees for work in the administrative proceedings in the sum of $5,300.00.  Thus, pursuant to the 25% ceiling imposed by Section 406(b), $8,597.50 of the past-due benefits award remains as potential attorney fees for work performed here in the district court.  *See Doc. 26* at n.3.  Plaintiff requests designation of $7,000 of this amount as attorney fees, which would represent a total award of 22% of the past due benefits recovered.

Plaintiff's attorneys concede that they expended 13.55 hours in the prosecution of this federal district court appeal.  Commissioner argues that a $7,000 award results in "a large hourly fee" of $516.60, and that this would result in a "windfall" to the attorneys.  Such a generalized argument, however, ignores the specifics of the representation provided by the Martone Law Firm in this case and in others.

Magistrate Judge Leslie C. Smith performed an extensive analysis of cases from this district involving attorney fee awards pursuant to 42 U.S.C. § 406 in *Faircloth v. Barnhart*, 398 F. Supp.2d 1169 (2005).  In compiling data from twenty-eight such cases, he focused on the past-due benefits received rather than the hourly rate.

> In almost all cases where claimants received less than $56,000 in past-due benefits, their attorneys received the full 25% fee award. Only when past-due benefits exceeded $56,000 did the percentage of the award start to decrease, in some cases dramatically.[1]

*Id.* at 1173.  Judge Smith noted that the two exceptions to this trend came in cases in which Attorney Martone requested a reduction from the 25% contingency admitting either that the full contingency amount would amount to a windfall or that attorney delay should be reflected.  *Id.* (citations omitted).  Here, for a third time, the Martone Firm itself has requested a reduction of

---

[1] "[I]n all but two cases with past-due benefits above $56,000, the attorneys themselves asked for less than 25%, oftentimes acknowledging that a greater award would be large in comparison to the time spent on the case." *Id.*

the contemplated contingency amount (down to 22%) to reflect the lower number of hours it took to accomplish Plaintiff's objectives.

Ad Plaintiff points out, the Martone Law Firm specializes in representing plaintiffs who are seeking social security benefits.  Thus, the experience and expertise of their attorneys enables them to capably represent their clients with the expenditure of fewer hours than a general practitioner.  To penalize them for their knowledge and efficiency seems counterproductive, especially here because plaintiff's lawyers were so persuasive in their opening brief, that no reply brief needed to be prepared to convince the Commissioner that a remand was in order.  Thus, plaintiff's attorneys saved themselves from spending more hours than necessary to obtain the objective.

Moreover, the Firm's effectiveness and proficiency prevented delay and thereby enabled them to provide representation to even more plaintiffs who have no means to employ counsel.  The Firm does not charge an hourly rate and its compensation is totally dependent on the success of cases it takes on.  I agree with Plaintiff that "[i]t is not unreasonable, therefore, for an attorney to recover an amount that would seem untenable in an hourly rate arena, because the risk of loss is 32% ."[2] *Doc. 27* at 4.

In sum, I believe that the requested compensation even at $516.60 per hour constitutes a reasonable fee for the services performed in this federal court for the reasons stated above.  As Judge Smith found, similar awards have been sustained in this district.  *See, e.g. Faircloth* (translating to $510.25 hourly rate); *Montes v. Barnhart*, CIV 01-578 at *Docs. 19, 21 & 22*

---

[2] "In Fiscal Year 2005, United States District Courts found claimants entitled to payment of benefits in 5% of cases, and entitled to a remand for a hearing in 45% of cases.  If a case is remanded by the court, the ALJ allows benefits in approximately 60% of the cases.  Thus, a claimant who goes to United States District Court will obtain benefits approximately 32% of the time. [5% + (45% of 60)]." *Id.*

(translating to hourly award of $701.75 to which Defendant did not object).

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for an Order Authorizing Attorney Fees *(Doc. 24)* is GRANTED.  The Court authorizes $7,000.00 as attorney fees to be paid by the Social Security Administration from the withheld back benefits.

**IT IS FURTHER ORDERED** that the Martone Law Firm return to Plaintiff the EAJA fees previously awarded ($2,126) minus gross receipts taxes ($825.18) and advanced costs ($78). The balance of withheld benefits ($1,597.50) should be paid by the Agency to Ms. Ferguson.

_____
UNITED STATES MAGISTRATE JUDGE